UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABDELRAHMAN SEWEID,

                    Plaintiff

                                                **DOCKET NO.: CV-21-3712**

        - against -

COUNTY OF NASSAU, NASSAU COUNTY
SHERIFF'S DEPARTMENT, CORRECTIONAL
OFFICER BRYAN SCHMIDT in his individual and
official capacity, CORRECTIONAL OFFICER
ANTHONY DESTEFANO in his individual and official        **COMPLAINT**
capacity, CORRECTIONAL OFFICER ROBERT CRUZ
in his individual and official capacity, CORPORAL
ENRIQUE SEWER, in his individual and official capacity,
CORRECTIONAL OFFICERS "JOHN DOES ONE
through TEN" in their individual and official capacities as
employees,

                    Defendants.                          **JURY TRIAL**
                                                         **DEMANDED**

        Plaintiff, by his attorneys, The Law Offices of Frederick K. Brewington, as and for his

Complaint against the above captioned Defendants, respectfully set forth as follows:

                        <u>**PRELIMINARY STATEMENT**</u>

        1.      This is an action for money damages against the COUNTY OF NASSAU,

NASSAU COUNTY SHERIFF'S DEPARTMENT, CORRECTIONAL OFFICER BRYAN

SCHMIDT, CORRECTIONAL OFFICER ANTHONY DESTEFANO, CORRECTIONAL

OFFICER ROBERT CRUZ, CORPORAL ENRIQUE SEWER, AND CORRECTIONAL OFFICER

"JOHN DOES ONE through TEN" for committing acts under color of law and depriving Plaintiff

of rights secured by the Constitution and laws of the United States and the State of New York.

Plaintiff alleges that Defendants participated in the use of excessive and unreasonable force, failure

to intervene, abuse of process, fabrication of evidence, unlawful seizure of persons and property,

involuntary servitude, denial of due process, retaliation, conspiracy, failure to supervise, failure to

report abuse and violations of Plaintiff rights, failure to discipline, failure to provide adequate medical care, and municipal violations upon Plaintiff, ABDELRAHMAN SEWEID, on October 17, 2018, and continuing to date.

2.      On October 17, 2018 and continuing to date, Defendants CORRECTIONAL OFFICER SCHMIDT, CORRECTIONAL OFFICER DESTEFANO, CORRECTIONAL OFFICER CRUZ, CORPORAL ENRIQUE SEWER, AND CORRECTIONAL OFFICERS "JOHN DOES ONE through TEN,", supervisors, detectives, investigators, and/or Correctional Officers of the Defendants COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT, acting in concert with each other, and with Defendants COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT, under color of state law, intentionally and wilfully subjected Plaintiff to, *inter alia,* excessive and unreasonable force, failure to intervene, abuse of process, fabrication of evidence, unlawful seizure of persons and property, involuntary servitude, denial of due process, retaliation, conspiracy, failure to supervise, failure to report abuse and violations of Plaintiff rights, failure to discipline, failure to provide adequate medical care, and municipal violations.

### <u>JURISDICTION</u>

3.      This action is brought pursuant to 42 U.S.C. § 1983, Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution, and under the Constitution, statutes and common law of the State of New York. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law CPLR §§ 215(1), 215(8)(a).

4.    Venue is laid within the United States District Court for the Eastern District of New York in that the Defendant COUNTY OF NASSAU is located within, and the events giving rise to the claim occurred within, the boundaries of the Eastern District of New York.

## PARTIES

5.    At all times relevant hereto, Plaintiff ABDELRAHMAN SEWEID (hereinafter Plaintiff or MR. SEWEID) was and is a citizen of the United States, and resided in the State of New York. At all times relevant hereto, Plaintiff was a detainee at the Nassau County Jail located at 100 Carman Avenue, East Meadow, NY 11554.

6.    At all times relevant hereto, Defendant COUNTY OF NASSAU (hereinafter "COUNTY") was a governmental entity, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

7.    At all times relevant hereto, the NASSAU COUNTY SHERIFF'S DEPARTMENT (hereinafter "SHERIFF'S DEPT.") is a subdivision, department, or agency of Defendant COUNTY. At all times relevant hereto, COUNTY and SHERIFF'S DEPT. maintain, operate and staff a Correctional Facility (Nassau County Jail) located at 100 Carman Avenue, East Meadow, NY 11554.

8.    At all times relevant hereto, Defendant CORRECTIONAL OFFICER BRYAN SCHMIDT (hereinafter "SCHMIDT"), sued here in his individual and official capacity, was and is an employee of Defendant COUNTY, duly appointed and acting as a Correctional Officer in the Nassau County Sheriff's Department and was an agent, servant and/or employee of Defendant COUNTY, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer. At all times relevant hereto, SCHMIDT was and is a state actor.

9.     At all times relevant hereto, Defendant CORRECTIONAL OFFICER ANTHONY DESTEFANO (hereinafter "DESTEFANO") sued here in his individual and official capacity, was and is an employee of Defendant COUNTY, duly appointed and acting as a Correctional Officer in the Nassau County Sheriff's Department and was an agent, servant and/or employee of Defendant COUNTY, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer. At all times relevant hereto, DESTEFANO was and is a state actor.

10.     At all times relevant hereto, Defendant CORRECTIONAL OFFICER ROBERT CRUZ (hereinafter "CRUZ") sued here in his individual and official capacity, was and is an employee of Defendant COUNTY, duly appointed and acting as a Correctional Officer in the Nassau County Sheriff's Department and was an agent, servant and/or employee of Defendant COUNTY, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer. At all times relevant hereto, CRUZ was and is a state actor.

11.     At all times relevant hereto, Defendant CORPORAL ENRIQUE SEWER (hereinafter "SEWER") sued here in his individual and official capacity, was and is an employee of Defendant COUNTY, duly appointed and acting as a Correctional Officer in the Nassau County Sheriff's Department and was an agent, servant and/or employee of Defendant COUNTY, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer. At all times relevant hereto, SEWER was and is a state actor.

12.     At all times relevant hereto, Defendants JOHN DOES ONE through TEN (hereinafter "DOES"), sued here in their individual and official capacities, were and are employees of Defendant COUNTY, duly appointed and acting as Correctional Officers in the Nassau County Sheriff's

4

Department and were agents, servants and/or employees of Defendant COUNTY, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer. The name DOES is fictitious, and the true names are unknown to Plaintiff. The persons intended are unnamed Correctional Officers of Nassau County who participated in harassing Plaintiff as herein alleged and/or supervisors who assented that it should happen, and who gave permission to other Defendants to proceed with that harassment. At all times relevant hereto, DOES were and are state actors.

13.     At all times relevant hereto, the individual Defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of Defendant COUNTY and of the State of New York.

## **FACTUAL ALLEGATIONS**

14.     On October 17, 2018, Plaintiff Mr. Seweid was in his jail cell, located at 100 Carman Avenue, East Meadow, NY 11554, in the care and custody of Defendant Nassau County Sheriff's Department.

15.     On October 17, 2018, a nurse employed by Defendant Sheriff's Dept. requested the Correctional Officers to lock down the cells while he distributed the medication to the detainees.

16.     Defendant Correctional Officer Destefano was assigned to supervise the medication distribution to the detainees.

17.     While Plaintiff Mr. Seweid received his medication from the nurse, Plaintiff stated to the nurse that locking down the cells was a "punk move."

18.     Defendant Destefano, in retaliation to Plaintiff Mr. Seweid's statement, responded, "Jail is not meant to be comfortable."

19.     During this time, Defendant Schmidt was conducting a patrol around the cells and asked Plaintiff if he had a problem. Mr. Seweid responded, "No." Defendant Schmidt then said he would return in ten minutes and show him what happens when an inmate has a problem.

20.     Soon after, Defendants Schmidt, Destefano, and Cruz returned to Plaintiff's cell. Defendant Schmidt then handcuffed Plaintiff's hands behind his back, without reason, and removed him from his cell to conduct a "search" of Plaintiff's cell, also without reason. During the cell "search," Defendants Correctional Officers were not supervised by a Sergeant which, upon information and belief, is a requirement as per the Nassau County Sheriff's Department procedures, rules and regulations. It was clear to Plaintiff that if he failed to do what he was told that he would be beaten and physically harmed.

21.     In an overt act of coercion and under the threat of force being used against Plaintiff and in the presence of Defendants Destefano and Cruz, Defendant Schmidt purposefully and without provocation brazenly threw Plaintiff's belongings throughout the cell in an effort to provoke and induce a reaction from Plaintiff. Defendant Schmidt then, under the threat of physical violence and coercion, uncuffed Plaintiff's hands and instructed Plaintiff to pick up his personal belongings which were scattered all over the cell floor and Plaintiff's bed.

22.     Fearful for his safety, Plaintiff obediently followed Defendant Schmidt's instructions. As Plaintiff knelt down to pick up his belongings, with his back toward Defendant Schmidt, Defendant Schmidt then committed a repugnant act. He undid his pants, exposed his penis, and began urinating on Plaintiff's bed and other items in the room. As Plaintiff turned around, Plaintiff then saw Defendant Schmidt urinating on Plaintiff's bed and personal items. In blatant disregard for Plaintiff's health and safety, Defendant Schmidt subsequently aimed the stream of urine in Plaintiff's

direction in an effort to urinate on Plaintiff. Thereafter, Schmidt did, in fact, urinate on Plaintiff's

leg and on prison-issued grey shorts. Defendants Schmidt, Destefano and Cruz then mocked Plaintiff

and defiantly left Plaintiff's cell, as Plaintiff remained with his belongings and body soaked with

urine.

23.     Moreover, at no point while Defendant Schmidt tossed his belongings around

Plaintiff's cell, or when he urinated on Plaintiff, did Defendants Destefano or Cruz attempt to

intervene or stop Defendant Schmidt from abusing, violating, harassing, and degrading Plaintiff.

Both Destefano and Cruz were in close proximity and able to intervene, prevent and stop the actions

of Schmidt which they did not. To the contrary, Defendants Destefano and Cruz submissively stood

by as these actions took place in an act of support and compliance.

24.     As Plaintiff remained in his cell after Defendants Schmidt, Destefano and Cruz left

Plaintiff's vicinity, Plaintiff sought to speak to and complain to the Corporal assigned to Plaintiff's

block, Corporal Sewer. However, the Corporal assigned to supervise Plaintiff's cell block did not

survey the area for the remainder of the night. As a result, Mr. Seweid was not able to make a

complaint about the Defendants' actions and/or omissions on the same day as said incident.

25.     Moreover, although the smell of urine permeated throughout Mr. Seweid's cell and

visibly soaked Plaintiff's belongings, Mr. Seweid was forced to sleep on the bed which had been

urinated on by Defendant Schmidt. Plaintiff found this to be a humiliating, degrading, uncomfortable

and unsanitary situation which was forced upon Mr. Seweid. He felt he was treated as though he was

less than human.

26.     On the following day, October 18, 2018, at or around noon, Plaintiff was able to

telephone the Internal Affairs Unit in the Sheriff's Department to report and complain about the

incident. However, Plaintiff was unable to get in contact with anyone. Plaintiff left a voicemail and requested that Internal Affairs contact Plaintiff immediately.

27. Later on the same day, Plaintiff was able to make an oral complaint to one of Defendant's Sergeants. Plaintiff gave a detailed account of what transpired to the Sergeant. The Sergeant thereafter reprimanded Corporal Sewer verbally for failure to perform his duties which included surveying the cell blocks and supervising Defendants' cell inspections. Thereafter, the Sergeant called Internal Affairs regarding the abusive act towards Plaintiff, and told Plaintiff to hold onto his personal items that had been urinated on for safe keeping.

28. In addition to filing a complaint at the Nassau County Jail, on October 18, 2018, Plaintiff filed a formal grievance with the New York State Commission of Correction. As a result of reporting the incident, Plaintiff was removed from his low security cell and placed in a maximum security section of the jail where Plaintiff remained in great isolation until November 21, 2018. Upon information and belief, Plaintiff's cell and mattress was not replaced and/or cleaned before being transferred to the other section of the jail.

29. As a result of sleeping on the urine soaked mattress, Plaintiff experienced an adverse skin reaction and visibly had bumps protruding from his face and shoulders. On October 18, 2018, Plaintiff made a request to be examined by a physician. Plaintiff's request was ignored and not properly addressed.

30. Once Plaintiff was placed in the maximum security prison cell, as aforementioned, Plaintiff made an additional request to be examined by a physician. Plaintiff was thereafter examined by a doctor on or after October 20, 2018, who prescribed cortisone cream to address the bumps and irritation which Plaintiff was experiencing.

31.     On October 19, 2018, a representative from Internal Affairs interviewed Plaintiff regarding the incident that he reported. Although the interview was audio recorded, Plaintiff was never given any documentation of any sort, nor was Plaintiff afforded any redress for Defendants' blatant disregard for his rights.

32.     Internal Affairs did not interview the Defendants Correctional Officers and Corporal until eight to ten months later: June 21, 2019 (Cruz), June 25, 2019 (Schmidt), and August 6, 2019 (Sewer and Destefano). After conducting interviews, Internal Affairs concluded that the case was "not sustained" due in part to:

> "All involved staff denied a cell search was conducted out of retaliation for comments made to medical staff. All involved staff denied urinating on or made movements that appeared like they were urinating on the inmate's property."

33.     The investigation was disingenuous. It was an unprofessional and improper investigation and not done with any intent to learn and evaluate the facts of Plaintiff's mistreatment.

34.     Upon information and belief no evaluation or testing was done on the items which had been urinated on.

35.     Upon information and belief no attempt was made to confirm or question Defendant Officers about their whereabouts at the date and time of the abuse.

36.     Mr. Carlos Granado, who was also incarcerated at the time of Plaintiff's incident and housed in a cell across from Plaintiff witnessed the abuse and humiliation Plaintiff suffered on October 17, 2018.

37.     No real effort was made to hold Defendants Officers Schmidt, Destefano and Cruz accountable for their inhumane, improper and disgusting acts. Rather, their acts were condoned and encouraged as part of the policy and practices of Nassau County and Nassau County Sheriff's

Department.

## AS AND FOR COUNT ONE
## 42 U.S.C. § 1983 - EXCESSIVE AND UNREASONABLE USE OF FORCE
## FOURTH AMENDMENT

38.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 37 of this Complaint with the same force and effect as though fully set forth

herein.

39.     The Defendants SCHMIDT, DESTEFANO and CRUZ lacked any lawful justification

or reasonable suspicion to enter into Plaintiff's cell and seize Plaintiff when they handcuffed and

removed him from his cell.

40.     The wrongful seizure and other wrongful acts conducted against Plaintiff by the

Defendants SCHMIDT, DESTEFANO and CRUZ was committed under color of law, customs, and

statutes of the state of New York.

41.     Under color of law, the Defendants, and each one of them, deprived the Plaintiff of

his Fourth Amendment right from unlawful seizure, excessive and unreasonable use of force and

authority by wrongfully cuffing and restraining him without cause in violation of 42 U.S.C. § 1983

and then abusing Plaintiff by trashing his property and belongings, and then urinating on his property

and him.

42.     Each of the Defendants separately and in concert acted outside the scope of their

jurisdiction and without authorization of law, and each of the Defendants separately and in concert

acted willfully, knowingly and purposefully with the specific intent to deny Plaintiff proper and

necessary medical treatment, and therefore conspired to harm Plaintiff in violation of 42 U.S.C. §

1983.

43. Due to the excessive and unreasonable force by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT TWO
## 42 U.S.C. § 1983- VIOLATION OF THE THIRTEENTH AMENDMENT

44. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint with the same force and effect as though fully set forth herein.

45. Defendants OFFICERS SCHMIDT, DESTEFANO, and CRUZ required that Plaintiff engaged in involuntary servitude contrary to the Thirteenth Amendment of the U.S. Constitution.

46. When Defendant Officers SCHMIDT, DESTEFANO, and CRUZ abused Plaintiffs space by tossing about his personal belongings and throwing them about the confines of the cell they did so for no legitimate State or Governmental purpose.

47. When Defendant Officers SCHMIDT, DESTEFANO and CRUZ ordered Plaintiff to pick up his personal belongings which they had strung throughout the cell, they were having Plaintiff engage in forced and involuntary servitude and subjecting Plaintiff to punishment which was not proper as there had been no due process or crime for which Plaintiff had been duly convicted.

48.     In essence, Defendants SCHMIDT, DESTEFANO and CRUZ acted as though Plaintiff was subject to their unfettered will and authority despite no valid or proper authority existing to force Plaintiff to perform these tasks, no less be urinated on while being compelled to do so.

49.     Due to the involuntary servitude by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT THREE
### 42 U.S.C. § 1983- ABUSE OF PROCESS

50.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 49 of this Complaint with the same force and effect as though fully set forth herein.

51.     The false detainment and other wrongful acts conducted against the Plaintiff by the Defendants COUNTY, SHERIFF'S DEPT., and CORRECTIONAL OFFICERS SCHMIDT, DESTEFANO, CRUZ, and DOES constituted abuse of process, abuse of authority, breach of procedures, and violations of the Plaintiff's Fourth, Fifth, Thirteenth and Fourteenth Amendment rights. The Defendants COUNTY, SHERIFF'S DEPT., and CORRECTIONAL OFFICERS SCHMIDT, DESTEFANO, CRUZ and DOES negligently and recklessly breached their duty to prevent the commission of the civil rights violations perpetrated against MR. SEWEID, including

violations of 42 U.S.C. § 1983, and substantive and procedural due process infractions.

52.     Defendants SCHMIDT, DESTEFANO and CRUZ committed these acts and used their access, power and authority to satisfy their own vengeful, obscene and sadistic purposes. They then lied about their actions to cover up their abuses.

53.     Under color of law, said abuse of process was continued by the COUNTY and SHERIFF'S DEPT. refusal to adequately investigate and properly discipline the Defendant CORRECTIONAL OFFICERS SCHMIDT, DESTEFANO, CRUZ and DOES for their actions against the Plaintiff, MR. SEWEID. The Defendants COUNTY and SHERIFF'S DEPT. failed to investigate and verify the veracity of the Plaintiff's claims, failed to pursue substantial evidence supporting MR. SEWEID's complaint- such evidence including Mr. Carlos Granado's witness testimony, the Sergeant's knowledge of events, records of the doctor's prescription cream due to the allergic reaction caused by Defendants, or testing the item that had been urinated on by Defendant SCHMIDT.

54.     Due to the abuse of process by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT FOUR
## 42 U.S.C. § 1983- FAILURE TO INTERVENE

55.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 54 of this Complaint with the same force and effect as though fully set forth herein.

56.     Under color of law, Defendants, and each one of them, had knowledge of the wrongs conspired to be done against the Plaintiff, had the power to prevent or aid in preventing the commission of such violations, but neglected and/or refused to prevent such wrongful acts being committed.

57.     Defendants SCHMIDT, DESTEFANO, CRUZ and DOES have been trained by the SHERIFF'S DEPT. on the proper procedures and rules of conduct within the jail cells. Defendants CORRECTIONAL OFFICERS were aware of these procedures and rules when DEFENDANT SCHMIDT, without motive or reason, removed Plaintiff from his jail cell, threw his personal items on the ground, and urinated on said items and Plaintiff. Despite given the opportunity to intervene, DEFENDANTS DESTEFANO AND CRUZ failed to stop the vile and heinous acts against Plaintiff.

58.     Even after these vile and heinous acts occurred, Defendants continued to fail to intervene by allowing Plaintiff to sleep in the bed soaked in urine by Defendant SCHMIDT and failed to report said acts to anyone in the SHERIFF'S DEPT. or COUNTY.

59.     Defendants CORRECTIONAL OFFICERS had an opportunity to intervene at any point of said events: before, during, or after. But, Defendants SCHMIDT, DESTEFANO and CRUZ chose not to do so and allowed this abuse, humiliation, degradation, harm and blatant violation of civil rights to occur against Plaintiff.

14

60.     Due to the failure to intervene by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT FIVE
## 42 U.S.C. § 1983- FABRICATION OF EVIDENCE

61.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60 of this Complaint with the same force and effect as though fully set forth herein.

62.     Under color of law, Defendants CORRECTIONAL OFFICERS SCHMIDT, DESTEFANO and CRUZ intentionally and knowingly lied and fabricated loss of memory in their statements to Internal Affairs by stating they did not recall the alleged events above. Defendants COUNTY and SHERIFF'S DEPT. supported Defendants OFFICERS fabricated version of events by taking them as true and not engaging in proper, professional and available investigative measures. Internal Affairs failed to review any further evidence such as interviewing the Sergeant, reviewing potential video recording of MR. SEWEID's jail cell on October 17, 2018, or interviewing Mr. Carlos Granado who could verify MR. SEWEID's account of events. DOES also failed to collect evidence and did not test the item on which Defendant SCHMIDT urinated. By allowing the false testimonies of Defendants OFFICERS to be the only true versions of events, Defendants COUNTY and SHERIFF'S DEPT. have promoted a policy and culture of abuse, dishonesty and disingenuous

testimonies to be acceptable by Defendant OFFICERS.

63. Moreover, DEFENDANTS worked in concert to fabricate evidence and record false and inaccurate accounts of the actions taken on October 17, 2018. Defendants COUNTY and SHERIFF'S DEPT. made the interview process extremely easy for Defendants OFFICERS to lie and have the opportunity to get away with it. After DOES in Internal Affairs conducted their interviews, there was no further investigation into Plaintiff MR. SEWEID'S allegations. Thus, Defendants worked in concert to allow this fabrication of evidence to occur and to be an acceptable practice and policy in the SHERIFF'S DEPT. and COUNTY.

64. Due to the fabrication of evidence by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT SIX
### 42 U.S.C. § 1983- UNLAWFUL SEIZURE OF PERSONS AND PROPERTY AND DENYING BODILY INTEGRITY

65. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 64 of this Complaint with the same force and effect as though fully set forth herein.

66. The Defendants and each of them acted under color of law to deny the Plaintiff his constitutional rights to protection of his bodily integrity and from unlawful seizure of person and property under the Fourth Amendment of the United States Constitution in violation of 42 U.S.C.

§ 1983.

67.     Under color of law, Defendant OFFICERS had no motive, reason or suspicion to handcuff Plaintiff and remove him from his cell. Defendant OFFICERS had no motive, reason or suspicion to conduct the search of Plaintiff MR. SEWEID's cell. Defendant OFFICERS had no lawful basis, legal authority, justifiable reason or suspicion to take and throw Plaintiff's personal items on the ground and around his cell. Defendant SCHMIDT had no lawful basis, legal authority, justifiable reason or suspicion to urinate on Plaintiff or Plaintiff's items, causing health issues and property damage, respectively. Moreover, Defendants CORRECTIONAL OFFICERS knowingly and intentionally committed an unlawful seizure of Plaintiff by seizing his body and handcuffing him, and Defendants OFFICERS committed an unlawful seizure of property by taking Plaintiff's property and disregarding its condition by throwing it around. All of these acts, including urinating on Plaintiff's bed, belongings, clothing and body, denied Plaintiff his right to bodily integrity.

68.     Due to the unlawful seizure of person and property and denying bodily integrity by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT SEVEN
### 42 U.S.C. § 1983- DUE PROCESS
### FIFTH AND FOURTEENTH AMENDMENTS

69.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70.     The acts of Defendants SCHMIDT, DESTEFANO and CRUZ in subjecting Plaintiff to the abuse occurred without any process being afforded to Plaintiff and he was denied any opportunities guaranteed by the Fifth and Fourteenth Amendments.

71.     Under color of law, Plaintiff MR. SEWEID could not report the incident of October 17, 2018 until the following day because Defendant SEWER failed to conduct his duty of checking the cells at nighttime. Plaintiff MR. SEWEID tried to report the vile and horrendous abuses against him the following day by contacting Internal Affairs but was forced to leave a voicemail when no one answered. It was not until Plaintiff was able to make a verbal complaint to the Sergeant did Plaintiff's complaint be recognized. Even after the Sergeant verbally reprimanded Defendant SEWER, called Internal Affairs himself to report MR. SEWEID'S complaint and told MR. SEWEID to hold on to his urinated belongings for safe keeping, the Defendants SHERIFF'S DEPT. and COUNTY did not take MR. SEWEID'S allegations seriously. After conducting the interviews and accepting the Defendants OFFICER's version of events as the truth and determining Plaintiff's allegations were not sustained at that point, Defendants denied MR. SEWEID of his right to due process.

72.     Due to the violation of due process by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional

well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT EIGHT
## 42 U.S.C. § 1983- RETALIATION

73.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 72 of this Complaint with the same force and effect as though fully set forth herein.

74.     Under color of law, Defendants COUNTY, SHERIFF'S DEPT., SCHMIDT, DESTEFANO and CRUZ acted in retaliation towards Plaintiff MR. SEWEID in violation of 42 U.S.C. § 1983.

75.     Defendant OFFICERS conducted the cell search and urination in retaliation of Plaintiff MR. SEWEID's comment because Defendant SCHMIDT stated he would return in ten minutes and show him what happens when an inmate has a problem. Thus, Defendant OFFICERS actions were conducted because of the comment made by MR. SEWEID. The return of SCHMIDT, DESTEFANO and CRUZ was an act of retaliation for speaking.

76.     The transfer of Plaintiff MR. SEWEID to a different location which was more isolated shortly after filing a grievance with Internal Affairs on October 18, 2018 was an act of retaliation by the Defendants COUNTY and SHERIFF'S DEPT. for attempting to hold the Defendant CORRECTIONAL OFFICERS responsible for their vile and heinous acts. This was a significant act of retaliation since Plaintiff was unable to return to the low security jail until

19

November 21, 2018.

77.     Due to the retaliation by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT NINE
### 42 U.S.C. § 1983- CONSPIRACY

78.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 77 of this Complaint with the same force and effect as though fully set forth herein.

79.     Under color of law, the Defendants, and each one of them, conspired to deprive Plaintiff of his federally protected right to be protected from excessive and unreasonable force, failure to intervene, abuse of process, fabrication of evidence, unlawful seizure of persons and property, right to due process, retaliation, failure to supervise, failure to report abuse of Plaintiff rights, failure to discipline, failure to provide adequate medical care, and municipal violations under the Fourth, Fifth, Thirteenth and Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.

80.     Defendants SCHMIDT, DESTEFANO and CRUZ conspired to violate Plaintiff's civil rights when they arrived at his jail cell and started the unlawful seizure of his person. Defendants OFFICERS continued the conspiracy of violating Plaintiff's federally protected rights

by failing to report the actions that took place in Plaintiff's jail cell on October 17, 2018, which they were all witness to, and protecting the knowledge they commonly share by lying in their interview that the actions listed above never took place. Moreover, Defendants have conspired to act as if the vile and heinous acts committed against Plaintiff never occurred. This conspiracy was allowed to occur due to the practice of Defendants COUNTY and SHERIFF'S DEPT. to not properly investigate complaints.

81.     Defendants DOES, COUNTY and SHERIFF'S DEPT. conspired to cover up the vile and heinous acts of Defendants CORRECTIONAL OFFICERS by interviewing witnesses after a significant delay of eight to ten months, accepting the CORRECTIONAL OFFICERS' untruthful testimonies, not following up on reviewing any video recordings of MR. SEWEID's jail cell on October 17, 2018, not interviewing the Sergeant who told Plaintiff to hold on to his urine soaked belongings, and dismissing Plaintiff's allegations as unfounded. Moreover, this incident is a clear representation of the Defendants COUNTY and SHERIFF'S DEPT. conspiracy to cover up the vile and heinous acts of the Correctional Officers Defendants COUNTY and SHERIFF'S DEPT. employ. Moreover, the acts of Defendants have contributed to the conspiracy of covering up the vile and heinous acts committed against Plaintiff under color of law.

82.     Due to the conspiracy by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT TEN
## 42 U.S.C. § 1983- FAILURE TO SUPERVISE

83.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 82 of this Complaint with the same force and effect as though fully set forth herein.

84.    Defendants DOES, COUNTY and SHERIFF'S DEPT. failed to supervise Defendants CORRECTIONAL OFFICERS while they were at MR. SEWEID's cell. Defendants COUNTY and SHERIFF'S DEPT. further failed to supervise SEWER's negligence in not performing his duty of checking the cells during the night. Further, Defendants failed to supervise the adequate care of Plaintiff MR. SEWEID by not granting his request to a physician until October 20, 2018, three days after the event occurred.

85.    Due to the failure to supervise by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT ELEVEN
## 42 U.S.C. § 1983- FAILURE TO REPORT ABUSE AND VIOLATIONS OF PLAINTIFF RIGHTS

86.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 85 of this Complaint with the same force and effect as though fully set forth herein.

87.     Defendants SCHMIDT, DESTEFANO and CRUZ acted under color of law to violate Plaintiff's rights and then fail to report the abuses and violations that they were witness to. None of these Defendants issued a report, notified a person or committed any other relevant act to report the abuses and violations of Plaintiff's rights. Defendants DOES and CORRECTIONAL OFFICERS had reasonable knowledge that illegal acts should be reported to a higher authority, but instead Defendants OFFICERS were complicit and supportive of the violations of Plaintiff's civil rights.

88.     Due to the failure to report abuses and violations of Plaintiff's rights by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT TWELVE
## 42 U.S.C. § 1983- FAILURE TO DISCIPLINE

89.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 88 of this Complaint with the same force and effect as though fully set forth herein.

90.     Under color of law, the Defendants DOES, COUNTY and SHERIFF'S DEPT. failed to discipline Defendants CORRECTIONAL OFFICERS by not reprimanding or punishing SCHMIDT, DESTEFANO or CRUZ. After the interviews by Internal Affairs, SEWER, SCHMIDT, DESTEFANO and CRUZ were free to go while Plaintiff has to live for the rest of his days with what happened to him.

91. Due to the failure to discipline by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT THIRTEEN
## 42 U.S.C. § 1983- FAILURE TO PROVIDE TIMELY AND ADEQUATE MEDICAL CARE

92. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 91 of this Complaint with the same force and effect as though fully set forth herein.

93. Although Defendants SCHMIDT, DESTEFANO and CRUZ reasonably knew that the urine would be detrimental and harmful to Plaintiff's health, the Defendants did not strive or attempt to ensure that Plaintiff would receive proper medical care from the effects of the urine.

94. There was a three day period between October 17, 2018 when Plaintiff was unjustly urinated on and slept in the urine-soaked bed, and was able to receive medical care on October 20, 2018. When Plaintiff was urinated on and slept on a urine-soaked bed on October 17, 2018, none of the Defendants aided Plaintiff. When Plaintiff asked for a physician the following day, again Defendants failed to provide any medical aid. Finally, when Plaintiff asked for a physician on October 20, 2018, he was finally granted access to one. Although the urine incident had occurred three days prior to when the doctor examined him, the skin reaction was still so bumpy that the doctor prescribed Plaintiff a cortisone cream. Throughout this process, Defendants consistently failed

to provide timely and adequate medical care to Plaintiff, as was his right.

95.     Due to the failure to provide timely and adequate medical care by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## AS AND FOR COUNT FOURTEEN
### 42 U.S.C. § 1983- MUNICIPAL VIOLATIONS

96.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 95 of this Complaint with the same force and effect as though fully set forth herein.

97.     Defendant COUNTY and SHERIFF'S DEPT. knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

98.     Prior to October 17, 2018, Defendant COUNTY and SHERIFF'S DEPT. developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the Nassau County Correctional Center, which policies and/or customs caused the violation of Plaintiff MR.SEWEID's rights. Upon information and belief, it was the policy and/or custom of Defendant COUNTY and SHERIFF'S DEPT. to improperly and inadequately investigate citizen complaints of Correctional Officer misconduct, and acts of misconduct were instead tolerated by Defendant COUNTY and SHERIFF'S DEPT., including, but not limited to incidents where

Defendants and their supervisors have in the past allowed other fellow Correctional Officers and others of its employees to make false entries in official SHERIFF'S DEPT. records, and to issue false and fraudulent criminal complaints and accusatory instruments, to testify falsely (it even has its own nickname, "testifying") to cover up and hide their wrongful conduct. It was the policy and/or custom of Defendant COUNTY and SHERIFF'S DEPT. to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual Defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The COUNTY and SHERIFF'S DEPT. did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct. As a result of the above described policies and/or customs, officers of the COUNTY and SHERIFF'S DEPT. believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the COUNTY and SHERIFF'S DEPT. to the constitutional rights of persons within the COUNTY and SHERIFF'S DEPT., and were the cause of violations of Plaintiff's rights alleged herein. As a result of the wrongful, deliberate, indifferent and illegal acts of Defendants COUNTY, SHERIFF'S DEPT., SCHMIDT, DESTEFANO, CRUZ, and DOES, Plaintiff MR. SEWEID claims damages against Defendant COUNTY and SHERIFF'S DEPT. for the injuries set forth above.

99.    In addition to permitting a pattern of unlawful conduct, the COUNTY and SHERIFF'S DEPT. has failed to maintain a proper system for investigation of all incidents of unjustified acts of retaliation, physical abuse, beatings and excessive use of force by officers.

100.    The COUNTY OF NASSAU and SHERIFF'S DEPT. has failed to maintain a system of addressing physical and mental abuse, review of assault, battery, negligence, failure to intervene and violation of civil rights by police officers and correctional officers and has failed to identify the improper conduct by police officers and correctional officers and thereby failed to subject officers who violate laws closer supervision or restraint, to the extent that it has become the custom of the COUNTY and SHERIFF'S DEPT. to tolerate the illegal, improper and wrongful actions by police officers.

101.    Upon information and belief, specific systemic flaws in the COUNTY and SHERIFF'S DEPT.'s complaint review process include, but are not limited to, the following:

a.    Preparing reports regarding investigations of incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

b.    Officers investigating incidents systematically fail to seek and/or credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.    Officers investigating incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the officer involved and failt to obtain, secure and evaluate electronic and/or scientific evidence;

d.    Supervisory officers at times issue public statements exonerating officers for misconduct, excessive use of force and improper beatings before the investigation of the incident by the SHERIFF'S DEPT. and COUNTY has been completed;

e.    Reports in brutality cases are not questioned or critically reviewed for accuracy and detail by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

f.    Both the SHERIFF'S DEPARTMENT and COUNTY once abstained, hastily accept statements of the CORRECTIONAL OFFICERS and minimize and/or ignore reports regarding abuses and civil rights infringements against persons in their custody, despite strong evidence to suggest that the reports provided by officers are inaccurate, untruthful, and meant to conceal blatant police and correctional officer misconduct.

100. Said cover-up by the Defendants SHERIFF'S DEPT. and COUNTY was executed in this case, where the Defendants SHERIFF'S DEPT. and COUNTY failed to sufficiently investigate or discipline Defendants CORRECTIONAL OFFICERS.

101. By permitting and assisting such a pattern of misconduct, the Defendants SHERIFF'S DEPT. and COUNTY have acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff MR. SEWEID's Fourth, Fifth, Thirteenth and Fourteenth Amendment rights; and the Defendant CORRECTIONAL OFFICERS were encouraged by COUNTY and SHERIFF'S DEPT. to believe that their actions against the Plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

102. As a consequence of the Defendants' systemic practice, pattern and custom of intentionally promoting and supporting CORRECTIONAL OFFICERS' violations of 42 U.S.C. § 1983, MR. SEWEID was deprived of his bodily integrity and from the right for his personal items to not be urinated on, the right to not be urinated on Plaintiff's body, the right to not sleep in Defendant SCHMIDT's urine in his bed, and the right to not suffer a skin reaction from skin contact with Defendant SCHMIDT's urine.

103. As a proximate cause of the SHERIFF'S DEPT. and COUNTY's custom and policy of supporting and effectively promoting the very same police and correction officer abuses which occurred against MR. SEWEID, said Plaintifff was further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional well-being of the Plaintiff.

104. Due to the municipal violations by Defendants, Plaintiff sustained monetary and emotional injuries, including, but not limited to, violation of his civil rights, damage to his emotional

well-being, loss of comfort, public humiliation, public harassment, mental and emotional harm and stress, costs of bringing suit, expenses in bringing suit, impairment of self-esteem, mental health, and physical distress, and other injuries not yet fully ascertained. By reason of the foregoing, Plaintiff has been damaged in a sum in excess of five million ($5,000,000) dollars.

## PUNITIVE DAMAGES ARE PROPER
## AGAINST THE INDIVIDUAL DEFENDANTS

105.　The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 104 of this Complaint with the same force and effect as though fully set forth herein.

106.　The acts of the individual Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiff, without regard to for Plaintiff's well-being, and were based on a lack of concern and ill-will towards Plaintiff. Such acts therefore deserve an award in excess of ten million ($10,000,000) dollars as punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants:

a.　On the Count One in the sum in excess of five million ($5,000,000) dollars;

b.　On the Count Two in the sum in excess of five million ($5,000,000) dollars;

c.　On the Count Three in the sum in excess of five million($5,000,000) dollars;

d.　On the Count Four in the sum in excess of five million ($5,000,000) dollars;

e.　On the Count Five in the sum in excess of five million ($5,000,000) dollars;

f.　On the Count Six in the sum in excess of five million ($5,000,000) dollars;

g.　On the Count Seven in the sum in excess of five million ($5,000,000) dollars;

h.　On the Count Eight in the sum in excess of five million ($5,000,000) dollars;

i.      On the Count Nine in the sum in excess of five million ($5,000,000) dollars;

j.      On the Count Ten in the sum in excess of five million ($5,000,000) dollars;

k.      On the Count Eleven in the sum in excess of five million ($5,000,000) dollars;

l.      On the Count Twelve in the sum in excess of five million ($5,000,000) dollars;

m.      On the Count Thirteen in the sum in excess of five million ($5,000,000) dollars;

n.      On the Count Fourteen in the sum in excess of five million ($5,000,000) dollars;

o.      Punitive damages in the sum in excess of five million ($10,000,000) dollars;

p.      Award attorney's fees and costs of this action to the Plaintiff pursuant to 42 U.S.C. § 1988; and

q.      Declaratory Judgment that defendants willfully violated Plaintiff's rights secured by federal and state law as alleged herein;

r.      Injunctive relief, requiring Defendants to correct all past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

s.      Award such other and further relief as this Court may deem appropriate.

### A JURY TRIAL IS HEREBY DEMANDED

Dated: Hempstead, New York
        July 1, 2021

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____
        FREDERICK K. BREWINGTON
        *Attorneys for Plaintiff*
        556 Peninsula Boulevard
        Hempstead, New York 11550
        (516) 489-6959